UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALMENA STATE BANK,                         )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )   Case No. 20-1306-JTM
                                           )
LLOYD T. SCHNEIDER,                        )
                                           )
                    Defendant.             )
v.                                         )
                                           )
FEDERAL DEPOSIT INSURANCE                  )
CORPORATION, as receiver of                )
ALMENA STATE BANK,                         )
                                           )
                    Counter-Defendant.     )

## ORDER

Before the court are notices of substitution filed by Equity Bank as the assignee of

plaintiff Almena State Bank (ECF No. 11 & 12), and a motion for joinder of necessary

party filed by defendant Lloyd T. Schneider (ECF No. 18).  For the reasons set forth below,

Equity Bank's amended notice of substitution is granted and Schneider's motion for joinder

is denied.

Almena State Bank initially filed this action on June 3, 2019 in state court against

defendant, seeking to enforce a promissory note.[1]  On June 30, 2020, defendant filed

counterclaims related to the note.[2]  On October 23, 2020, Almena State Bank was closed

---

[1] ECF No. 4 at 4-7.

[2] *Id.* at 256-62.

by Kansas banking regulators and the Federal Deposit Insurance Corporation ("FDIC")

accepted appointment as Almena State Bank's receiver.[3]  On November 3, 2020, the FDIC-

Receiver ("FDIC-R") removed the action to federal court[4] and on November 4, 2020, filed

a notice of substitution as receiver for Almena State Bank in its capacity as counter-

defendant.[5]  On November 23, 2020, this court ordered a stay of the proceedings pending

exhaustion of statutorily-mandated administrative remedies and ordered this case

administratively closed until after the administrative claims process concludes.[6]

On February 9, 2021, Equity Bank filed notices of substitution[7] because it had

entered into a Purchase and Assumption Agreement ("P&A") with FDIC-R, through which

it purchased all deposits and credit files owned by Almena State Bank.[8]  On February 26,

2021, defendant filed a response in opposition to the notices of substitution only to the

extent that the notices did not also request joinder of Equity Bank as counter-defendant.[9]

Defendant simultaneously filed a motion for joinder to that effect.[10]

---

[3] ECF No. 1 at 26.

[4] *Id.*

[5] ECF No. 7.

[6] ECF No. 10.

[7] ECF Nos. 11 & 12.

[8] ECF No. 20, Ex. A.

[9] ECF No. 17.

[10] ECF No. 18.

Notices of Substitution

Substitution of parties is governed by Fed. R. Civ. P. 25, which provides in part: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."[11]  This rule vests the court with discretion to substitute a party where an interest has been transferred.[12]  It is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit.[13]

The court finds that good cause has been shown for the requested substitution of parties.  Equity Bank has shown that, through the P&A between Equity Bank and the FDIC-R, Equity Bank is the assignee of all rights, titles, powers, and privileges of the credit filed between Almena State Bank and defendant.[14]  Accordingly, the promissory note and the claims against defendant related to that note pass to Equity Bank in the place of Almena State Bank.  The court has considered but rejected defendant's objection to Equity Bank's request for substitution, to the extent that the request does not also request joinder of Equity Bank as counter-defendant, below.

---

[11] Fed. R. Civ. P. 25(c).

[12] *Klima Well Serv. v. Hurley*, No. 6:14-cv-01250-JTM, 2016 WL 1050258, at *2 (D. Kan. Mar. 16, 2016) (citing *Medical Supply Chain, Inc. v. Neoforma, Inc.*, 322 F. App'x 630, 632 (10th Cir. 2009)).

[13] *Id.* (citing *ELCA Enterprises, Inc. v. Sysco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995)).

[14] ECF No. 12 at 2.

Motion for Joinder

> Fed. R. Civ. P. 19(a)(1), which controls the required joinder of parties, states:
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[15]

Defendant's motion for joinder cites to Rule 19 but does not explain how it applies here. In any event, it's clear Equity Bank is not required to be joined as a counter-defendant because neither sub-part (A) or (B) of Rule 19(a)(1) is satisfied.

First, as relates to sub-part (A), defendant has not demonstrated that the court cannot accord complete relief among the existing parties in Equity Bank's absence as counter-defendant. Defendant argues he will be left without full recourse to pursue his counterclaims related to the promissory note if Equity Bank is not joined as a counter-defendant.[16] To the contrary, defendant has full recourse to pursue his counterclaims with the FDIC-R, which remains the proper counter-defendant in this case in the place of Almena State Bank. Defendant has already taken steps to pursue his counterclaims with the FDIC-R. After the court ordered a stay of proceedings and ordered this case administratively closed until the administrative claims process with the FDIC-R concludes,

---

[15] Fed. R. Civ. P. 19(a)(1).

[16] ECF No. 17 at ¶ 10.

defendant filed a proof of claim with the FDIC-R regarding his counterclaims.[17]  As the

court ordered, defendant is required to exhaust his statutorily-mandated administrated

remedies with the FDIC-R until (i) the FDIC-R makes a determination on any counterclaim

filed by Schneider or (ii) 180 days after Schneider submits his claims under the mandatory

claims process.[18]  Equity Bank's substitution does not change this requirement.  The FDIC-

R remains the proper counter-defendant in this case, through which defendant must

continue exhausting his administrative remedies with.  Thus, defendant has not

demonstrated that the joinder of Equity Bank is necessary for the court to accord complete

relief among existing parties.

 And sub-part B of Rule 19(a)(1) is inapplicable because defendant's counterclaims

will not be disposed of in Equity Bank's absence as counter-defendant.  That is, as

discussed above, defendant will be able to pursue any counterclaim against Almena State

Bank through the FDIC-R.

 Further, the court agrees with the FDIC-R and Equity Bank's assertion that

Schneider lacks prudential standing to litigate whether Almena State Bank's liabilities were

assigned to Equity Bank under the P&A.  Under federal law, a plaintiff or intervenor who

is not a party to, or a third-party beneficiary of a P&A, lacks prudential standing to enforce

its terms as part their claim.[19]  Because defendant is neither a party to, nor a third-party

---

[17] *Id.* at ¶ 4.

[18] ECF No. 10 at 2.

[19] *Sec. Serv. FCU v. First Am. Mortg. Funding, LLC*, 771 F.3d 1242, 1246 (10th Cir. 2014) (citation omitted).

beneficiary of the FDIC-R and Equity Bank's P&A, he lacks prudential standing to challenge the FDIC-R's and Equity Bank's understanding of their own contract. As the FDIC and Equity Bank both correctly assert, if the P&A doesn't specifically describe the liability transferred to Equity Bank, it is not transferred, and remains with FDIC-R.[20] Because the P&A does not transfer defendant's counterclaim against Almena State Bank, it is retained by the FDIC-R.

Finally, the FDIC and Equity Bank argue the FDIC-R is the real party in interest for defendant's counterclaims because the P&A's indemnification provision does not apply to his counterclaims.[21] The court agrees. Article XII, Section 12.1 of the P&A states that indemnification applies only to losses "incurred prior to the assumption of defense by the Receiver . . . ."[22] As the FDIC and Equity Bank point out, the FDIC assumed defendant's counterclaims against Almena State Bank from the beginning so there is no liability, or losses, to be indemnified. Thus, Section 12 of the P&A does not apply.

IT IS THEREFORE ORDERED that Equity Bank's amended notice of substitution (ECF No. 12) is GRANTED. Equity Bank's original notice of substitution (ECF No. 11) is DENIED as moot. Equity Bank shall be substituted for Almena State Bank as plaintiff in this case.

IT IS FURTHER ORDERED that defendant's motion for joinder (ECF No. 18) is DENIED.

---

[20] *See* ECF No. 20 at ¶ 7 & ECF No. 21 at ¶ 12.

[21] *See* ECF No. 20 at ¶ 8 & ECF No. 21 at ¶ 25.

[22] ECF No. 20, Ex. A. at 37.

Dated March 25, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
