UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EQUITY BANK,

    Plaintiff,

    v.                                                                                   Case No. 20-1306-TC

LLOYD T. SCHNEIDER,

    Defendant and Counterclaimant,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver of
Almena State Bank,

    Counterclaim Defendant.

## **ORDER**

Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is the motion of plaintiff Equity Bank to stay discovery until the court decides its motion for summary judgment (ECF No. 40). Defendant/counterclaimant Lloyd T. Schneider opposes the motion. Counterclaim defendant Federal Deposit Insurance Corporation has not filed a timely response and therefore is deemed not to oppose the motion.[1] Because the court

---

[1] *See* D. Kan. Rule 7.4 ("If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion.").

1

finds judicial economy would be fostered by deferring discovery until after the presiding U.S. District Judge, Toby Crouse, reaches a decision on Equity Bank's motion for summary judgment, the motion to stay is granted.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending,[2] but exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3] Moreover, "it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants."[4] The decision whether to stay proceedings rests in the broad discretion of the court.[5] As a practical matter, this calls for a case-by-case determination.[6]

---

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[3] *See id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)); *Lofland v. City of Shawnee*, No. 16-2183, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016).

[4] *Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) (internal quotation marks, modifications, and citation omitted).

[5] *Id.* at 1270; *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[6] *Citizens for Objective Public Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013).

Equity Bank filed an early motion for summary judgment on June 16, 2021, asserting it is entitled to judgment as a matter of law on its claims against Schneider arising from Schneider's failure to tender payment on a promissory note that has become due.[7] According to Equity Bank, no discovery is necessary for judgment to be entered in its favor because there is no dispute Schneider has not paid the amount due.[8] Schneider responded to the motion for summary judgment on July 21, 2021.[9] With his response, Schneider filed an affidavit seeking deferral under Fed. R. Civ. P. 56(d).[10] The affidavit asserts discovery is necessary for Schneider to gather evidence in support of his affirmative defenses, which, if accepted, would defeat summary judgment. This issue will be ripe for decision by Judge Crouse by August 4, 2021.

The undersigned does not presume to know how Judge Crouse will decide the issues raised in Schneider's Rule 56(d) affidavit or the underlying motion for summary judgment. But it's very possible his decisions could result in judgment being entered against Schneider. The court believes the most efficient approach—for both the parties and the court—is for discovery to be stayed until Judge Crouse enters an order. If Judge Crouse is persuaded by Schneider's Rule 56(d) affidavit, he is certainly at liberty to reopen discovery.

---

[7] ECF No. 31.

[8] ECF No. 40 at 2.

[9] ECF No. 44.

[10] ECF No. 45.

In the meantime, the court finds that a brief stay of discovery will not prejudice Schneider and is the most cost-effective path forward.

IT IS THEREFORE ORDERED:

1) The motion to stay discovery is granted, without prejudice to Judge Crouse reopening discovery based on Schneider's Rule 56(d) affidavit.

2) Counsel shall confer and submit an updated Rule 26(f) planning report to the undersigned's chambers within 14 days of Judge Crouse's order ruling the motion for summary judgment.

Dated July 26, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge